**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**JAMES L. BROWN, SR.,**

                **Plaintiff,**

    v.                                            **CASE NO. 12-3236-RDR**

**ARON KERN, et al.,**

                **Defendants.**

### O R D E R

Before the court is form civil complaint seeking relief under 42 U.S.C. § 1983, filed pro se by a prisoner confined in the Sedgwick County jail in Wichita, Kansas. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

*Motion for Leave to Proceed In Forma Pauperis*

Plaintiff must pay the full $350.00 district court filing fee in this civil action. *See* 28 U.S.C. § 1915(b)(1)(prisoner bringing a civil action or appeal in forma pauperis is required to pay the full filing fee). If proceeding in forma pauperis, plaintiff may pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by periodic payments from plaintiff's inmate trust fund account as authorized in 28 U.S.C. § 1915(b)(2).

Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to assess an initial partial filing fee of twenty percent of the greater

1

of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Having examined the records provided for that relevant period, the court assesses an initial partial filing fee of $19.50, twenty percent of plaintiff's average monthly deposit, rounded to the lower half dollar.

*Initial Screening of the Complaint*

Plaintiff is a prisoner, thus the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). *See also* 28 U.S.C. § 1915(e)(2)(B)(a complaint may be dismissed on initial review if the claim is malicious or frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief). Having reviewed plaintiff's allegations with the liberality afforded to pro se litigants, the court finds the complaint should be summarily dismissed as stating no claim upon which relief can be granted under § 1983.

Plaintiff is confined pending prosecution of criminal charges. He seeks damages, his immediate release, dismissal of all charges, and for criminal charges to be filed against each of the defendants. The defendants named in this action are two Sedgwick County detectives, two attorneys in the Sedgwick District Attorney's office, three Sedgwick County District Court judges, three appointed defense attorneys, and a United States District Court judge. Plaintiff broadly complains of a conspiracy to commit and cover up perjury, false

swearing, and false evidence in his pending criminal prosecution, and contends appointed defense counsel have been constitutionally ineffective. Plaintiff also claims a Sedgwick County District Court judge assaulted plaintiff by ordering plaintiff's mouth to be covered in court.

As in cases plaintiff recently filed in this court concerning his present confinement and state criminal prosecution, plaintiff submits documents that include the caption in his pending criminal case.[1] Featured in the present case are plaintiff's requests for a change of venue to the United States Court of Appeals for the Tenth Circuit. To the extent plaintiff is attempting to remove his pending state criminal action to federal court, these requests are legally frivolous.

Additionally, to the extent plaintiff seeks his release and the dismissal of all charges, based on allegations of being unlawfully charged or denied due process in his state criminal proceeding, the federal remedy lies in habeas corpus after plaintiff has exhausted state court remedies on his allegations of error. Plaintiff's claim for damages on these allegations is premature at best. It is also well established that a private individual has no federal right to the prosecution of another. *See Doyle v. Oklahoma Bar Association*, 998 F.2d 1559, 1566 (10th Cir.1993). *See also Winslow v. Romer*, 759 F.Supp. 670, 673 (D.Colo.1991)("Private citizens generally have no

---

[1] *See Brown v. State of Kansas*, Case No. 12-3001-SAC (§ 2254 petition dismissed without prejudice based upon plaintiff's nonexhaustion of state court remedies); *Brown v. Sedgwick County Sheriff's Office*, Case No. 12-3122-SAC (§ 1983 complaint dismissed as stating no claim for relief, and without prejudice to pursuit of habeas corpus); *Brown v. KSNW-TV News*, Case No. 12-3123-SAC (§ 1983 complaint dismissed as legally frivolous and as stating no claim for relief); *Brown v. State of Kansas*, Case No. 12-3206-SAC (§ 2254 petition dismissed without prejudice).

standing to institute federal criminal proceedings.").

To the extent plaintiff seeks damages on allegations of being assaulted when the state court judge ordered plaintiff's mouth to be covered, no claim for relief under § 1983 is presented by this state tort claim. Moreover, plaintiff's court appointed attorneys are not persons acting under color of state law, for purposes of stating a claim for relief under § 1983, notwithstanding plaintiff's bare and conclusory claim of a conspiracy. And it is also well recognized immunities bar plaintiff's claims for damages against the federal and state court judges and state prosecutors.

Finding it clear on the face of the complaint that it would be futile to afford plaintiff an opportunity to correct these identified deficiencies, the court concludes the complaint should be summarily dismissed as stating no claim for relief under § 1983.[2]  *See Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir.), *cert. denied*, 534 U.S. 922 (2001)(summary dismissal for failure to state a claim is proper when it is patently obvious the plaintiff cannot prevail, and providing opportunity to amend the complaint would be futile).

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is provisionally granted subject to plaintiff's submission within thirty (30) days of an initial partial filing fee of $19.50, and that payment of the remainder of the district court filing fee is to be paid as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff's motions to change venue

---

[2] Dismissal of the complaint as stating no claim for relief constitutes a "strike" under 28 U.S.C. § 1915(g).

(Docs. 3 and 4) are denied, and that the complaint is dismissed as stating no claim for relief.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

DATED:  This 16th day of January 2013 at Topeka, Kansas.


　　　　　　　　　　　　　　　　 s/ Richard D. Rogers
　　　　　　　　　　　　　　　　RICHARD D. ROGERS
　　　　　　　　　　　　　　　　U.S. Senior District Judge